[S. C., infra, 111, 243, 308.]
Ejectment. — Rule of a former term to show cause why a new trial should be granted upon the following case.
The evidence for the plaintiff showed that the land in question, was included within the lines of a grant as amended under the Act of Assembly, March, 1796, c. 20.
The defendant rested his case at the trial before Jackson, Judge, at the former term, upon the following grounds. *Page 50 
1st. The record of the County Court, which authorized the alteration of the grant, did not show that the defendant, or any person under whom he claimed, was served with notice agreeably to the act.
2d. It appears that Miller held by mesne conveyance; and therefore could not petition the County Court for an alteration of the grant, which had been done in this case; no other person than the patentee was authorized by the act to exhibit such a petition.
3d. The defendant showed by the copy of a record from the secretary's office of North Carolina that several grants had issued upon a warrant of the same number, which was fraudulent, and ought to avoid the plaintiff's grant.
4th. That the defendant, at the trial, offered to show there was a better title out of the lessor of the plaintiff; and to prove that he was in possession by permission of the person holding the better title, which had been refused.
A verdict was found for the plaintiff, but Jackson, J., expressed his willingness to allow a rule to show cause for a new trial, so that the questions of law might be considered.
The first and second grounds taken for a new trial necessarily involve a consideration of the new act above referred to, entitled "An act making provision for mistakes in survey of land."
The act is couched in this language: "That whenever there has been or hereafter may be an error by *Page 51 
the surveyor in platting or making out a certificate to the secretary's office, or the secretary shall mistake in making out the courses agreeable to the said returns, or shall misname the claimant or otherwise; so as such claimant shall be injured thereby, the claimant so injured shall prefer a petition," c.
Sect. 1 provides that such petitioner shall prove to the Court that he has notified every person having lands adjoining those mentioned in the petition thirty days previous to preferring the same; and that he has notified every person who claims title to the lands described in his said petition.
Sect. 2 provides for an appeal, should either party be dissatisfied with the judgment of the County Court.
Sect. 4 provides that the County Court shall have power to order a surveyor and five freeholders to examine, survey, and return a plat of the disputed lands on oath.
From the phraseology used in the first section of the act, as to the power contended to be conferred on the Court, it strikes me with great force that the legislature did not intend to extend those powers further than to the correction of clerical mistakes, where the rights of other individuals might be affected. All the specifications of authority are of that kind.
It is true, there follows this enumeration of powers the expression "or otherwise."
The legislature certainly did not design to give this expression, its complete unrestrained acceptation, after such pains to specify the powers given. If that were the case, it were useless to specify powers at all, for these words might be made to give jurisdiction to the county courts in this way in almost every possible case between two individuals respecting titles to their lands.
The sound construction of this act, as to the *Page 52 
powers conferred, it appears to me, is that the words, "or otherwise," must be intended to include any circumstances which might occur respecting the specified powers previously communicated in the same sentence.
Any other construction, when the rights of others should occur, would interfere, in my understanding, with the Constitution which I am bound in respect to suppose the legislature never designed.
The 8th section of the Declaration of Rights, which is a translation of the 29th chapter of Magna Charta, has these words, "that no free man shall be taken or imprisoned, or disseised of his freehold, liberties, or privileges, or outlawed, or exiled, or in any manner destroyed, or deprived of his life, liberty, or property, but by the judgment of his peers, or the law of the land."
Sect. 6, that the right of trial by jury shall remain inviolate.
Whilst the act, in its construction, is confined to clerical mistakes, no injury can arise, nor any interference with these important provisions of the Constitution; but if the act is interpreted to include by the expression "or otherwise," all cases in which the petitioner thinks proper to suggest that he is injured, the trial by jury will be done away, and a person disseised of his freehold by a summary procedure established by this act unknown to the course of the common law; and without the trial by jury. It is said that the party, if he thinks himself aggrieved, may appeal to the Superior Court. This is true, but this appeal does not secure the trial by jury. The mode of trial here upon an appeal will be the same, for this court is not authorized by the act to empanel a jury. The mode of proceeding here must be summary, as it is in the County Court.
If the construction contended for was to obtain, it would be in the power of any person dissatisfied with the manner in which his land had been surveyed, on *Page 53 
account of losing the greater part by an older claim, by an alteration, to place it entirely upon his neighbors; for example, a person seeing the registration of a grant, and that its corners were complete, makes an entry to adjoin, or surveys his land to adjoin the claim as registered; he conforms his entry or survey to such registration; afterwards, the person holding the registered grant petitions the County Court, stating that instead of his land lying to the east of a meridian line, it was surveyed on the west, through mistake; and, by the order of the County Court, turns the lines of his tract entirely over to the east, taking the land of the second claimant; and thus include land, not one acre of which was covered by the grant, as it originally stood, without a trial by jury.
If a party litigant in a County Court, in a case where the Court had not jurisdiction in this summary manner, submits to that jurisdiction, and neglects to appeal, I will not undertake to say what effect the acquiescence of the party might have.
Whatever may be considered as the correct construction of this act, the principles of natural justice imperiously dictate a necessity for notice to be given to the person whose interest in the land an alteration may affect.
The proviso to the second section of the act requires it; reason requires it, and it seems to me essentially requisite to give the County Court jurisdiction, so as to affect the rights of others.
The records of a County Court in a matter where they proceed summarily, and not according to the course of the common law, should show that this notice was given, so as to be obligatory upon the party whose interest is affected.
In cases where the court proceeds according to the course of the common law, and not in a summary way, *Page 54 
all preliminary steps in a cause might be presumed.[1] But where an authority is given by statute to be executed in a summary manner, the record of such proceeding ought to show that the material parts of such authority were pursued; otherwise, they cannot be intended.[2]
The act requires notice, and, in my opinion, it is the principal ground upon which the jurisdiction of the County Court rests, when it affects the interest of another individual. This does not appear from the record; therefore, the grant, as amended, ought not to affect any claim of the defendant which had its existence previous to the amendment.
It is however to be understood that the plaintiff can avail himself, upon trial, of any mistake which appears from the face of the grant, independent of any alteration pursuant to the doctrine in 1 Haywood, 378.
Upon the second ground, I am inclined to think a new trial ought not to be granted.
The objection to the plaintiff's title, stated in the 3d, cannot be conclusive for two reasons: that the plaintiff claims by mesne conveyance. If fraud were committed in procuring the original title from the State, it ought not to affect the plaintiff, if an innocent purchaser. Fraud is always understood to be a personal objection. But I am of a different opinion, as it respects the fourth point, made for a new trial.
No person in possession of land ought to be disturbed in that possession, unless by the lawful owner, or the person having the best title.
By best title, I do not mean that the plaintiff should be put to the necessity of canvassing in a court *Page 55 
of justice minutely all the intricacies of a third person's claim, which the defendant might think proper to oppose to his; but it is a known rule of law, that the plaintiff ought to recover by the strength of his own title.
The peace of society and the interest of agriculture require, that the tiller of the earth should remain as quiet as possible. It is but a single twig of one branch of the law of England embracing the interests of agriculture.
It is however believed, that, where the defendant can show a plain subsisting title in another, it ought to rebut the plaintiff's claim.
Upon the first and fourth grounds, I think a new trial ought to be granted.
[1] See 1 Caines, 594; 3 Caines, 141, 152, 162; 1 Wash. 84; 2 Caines, 374; 2 Johns. 181; Col. Ca. 229; 7 Johns. 200; 4 Johns. 202;2 Mass. 489, 462.
[2] 2 B. Ab. 456; Salk. 263, pl. 5; Ld. Ray. 469; 1 Bur. 377; 2 Bur. 2244; 4 Johns. 292; 2 Mass. 489; 4 Mass. 462.
NOTE. — Strictly speaking, the only point ruled in this case was that a new trial should be granted, — the judges differing as to the ground upon which it should be allowed. I have adopted in the head-notes such rulings as have been subsequently approved by the Court, and I might have added the fourth ground upon which the motion was rested, viz., that the defendant had offered to show a better title out of the lessor of the plaintiff; for this, also, has become the settled rule of our courts. — ED.